# EXHIBIT A

# CIVIL ACTION COVER SHEET

DOCKET NUMBER 2673CV00533B

Massachusetts Trial Court
Superior Court

COUNTY Bristol Superior Court

BRISTOL SUPERIOR COURT
FILED
JUN 18 2026
JENNIFER A. SULLIVAN, ESQ.
CLERK/MAGISTRATE

| | |
|---|---|
| Plaintiff: Ivone Rego-Cass | Defendant: Royal Crest Apartments Property Owner LLC |
| ADDRESS: 1 Courtney Street, #10, Fall River, MA 02720 | ADDRESS: 11766 Wilshire Blvd., Suite 1500, Los Angeles, CA 90025 |
| Plaintiff Attorney: Peter R. Chandler | Defendant: JRK Property Holdings, Inc. |
| ADDRESS: Sheff & Cook, LLC, 10 Tremont St., 7th FL, Boston, MA 02108, (617) 227-7000 pchandler@sheffandcook.com | ADDRESS: 11766 Wilshire Blvd., Suite 1500, Los Angeles, CA 90025 |
| BBO: 703139 | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Personal Injury - Slip & Fall | F | ☒ YES ☐ NO |

***If "Other" please describe:**

**Is there a claim under G.L. c. 93A?** ☐ YES ☒ NO

**Is there a class action under Mass. R. Civ. P. 23?** ☐ YES ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses $200,000.00

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below) $400,000.00+

Past and future pain and suffering, diminished quality of life, lost enjoyment, etc.

TOTAL (A-F): $600,000.00+

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Leg, knee, ankle and back injuries, physical pain, suffering, and mental anguish, loss and depreciation in earnings.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X /s/ Peter R. Chandler    Date: 06/18/2026

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X /s/ Peter R. Chandler    Date: 06/18/2026

# CIVIL ACTION COVER SHEET INSTRUCTIONS — SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

**AC Actions Involving the State/Municipality†***

AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal Affairs of Entities (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party ‡**

PA1 Contract Action involving an Incarcerated Party (A)
PB1 Tortious Action involving an Incarcerated Party (A)
PC1 Real Property Action involving an Incarcerated Party (F)
PD1 Equity Action involving an Incarcerated Party (F)
PE1 Administrative Action involving an Incarcerated Party (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
B04 Other Negligence - Personal Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

**RP Summary Process (Real Property)**

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/ Non-residential (F)

**RP Real Property**

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E (X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency, G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S (X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

DUTY OF THE PLAINTIFF — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

DUTY OF THE DEFENDANT — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT. IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND ACCURATELY, THE CASE MAY BE DISMISSED.**

#1

**COMMONWEALTH OF MASSACHUSETTS**

BRISTOL COUNTY, SS.

SUPERIOR COURT
CIVIL ACTION NO.: 2673CV00533B

IVONE REGO-CASS,
Plaintiff,

v.

ROYAL CREST APARTMENTS PROPERTY OWNER LLC, and JRK PROPERTY HOLDINGS, INC.,
Defendants.

BRISTOL SUPERIOR COURT
FILED
JUN 18 2026
JENNIFER A. SULLIVAN, ESQ
CLERK/MAGISTRATE

**COMPLAINT**

Plaintiff Ivone Rego-Cass, by and through her attorneys, Sheff & Cook, LLC, states and alleges as follows:

**THE PARTIES**

1. At all relevant times, Plaintiff Ivone Rego-Cass ("Plaintiff") was a resident of the City of Fall River, County of Bristol, Commonwealth of Massachusetts.

2. At all relevant times, Defendant Royal Crest Apartments Property Owner LLC ("Defendant Royal Crest"), was a foreign limited liability company, registered to do business in the Commonwealth of Massachusetts, with a principal place of business located at 11766 Wilshire Blvd., Suite 1500, Los Angeles, CA 90025, and has a registered agent listed as National Registered Agents, Inc., 155 Federal St., Suite 700, Boston, MA 02110.

3. Upon information and belief, at all relevant times, Defendant JRK Property Holdings, Inc. ("Defendant JRK"), was a foreign corporation, licensed to do business in the Commonwealth of Massachusetts, with a principal place of business located at 11766 Wilshire Blvd., Ste. 1500, Los Angeles, CA 90025, and has a registered agent listed as National Registered Agents, Inc., 155 Federal St., Ste 700, Boston, MA 02110.

**JURISDICTION AND VENUE**

4. Plaintiff repeats, realleges, and reiterates each and every paragraph as if laid out separately herein.

5. This Court has jurisdiction over the parties and the controversy at issue, as this action arises from facts and occurrences within the Commonwealth of Massachusetts, Plaintiff is a resident of the Commonwealth, and Defendants conduct business within the Commonwealth of Massachusetts.

6. Venue is proper because this action arises from facts and occurrences that occurred within the County of Bristol, which is also where Plaintiff resides, Defendant Royal Crest owns real estate and/or real property, and Defendant Royal Crest and Defendant JRK conduct business.

## FACTS

7. Plaintiff repeats, realleges, and incorporates by reference each and every paragraph as if laid out separately herein.

8. On or about December 15, 2023, Defendant Royal Crest was the owner of the real estate and/or real property located at or around 37 Courtney Street, Fall River, Massachusetts 02720, from which it owned and operated a large apartment complex/community known as the Royal Crest Estates Fall River (hereinafter, "Premises").

9. At all relevant times, Defendant Royal Crest retained Defendant JRK to manage the Premises.

10. At all relevant times, Defendant Royal Crest, its agents, servants, and/or employees owned, maintained, and controlled the Premises.

11. At all relevant times, Defendant JRK, its agents, servants, and/or employees were responsible for the care, maintenance, management, and/or upkeep of the Premises.

12. At all relevant times, Defendants, their agents, servants, and/or employees were responsible for the care, custody, maintenance, management, upkeep, and control of the Premises, including, but not limited to, maintaining, cleaning, repairing, renovating, remediating, and inspecting the Premises, keeping the Premises in a reasonably safe condition, free from any and all dangerous and/or unsafe conditions, and/or defects, including maintaining the Premises' walkways in a safe and suitable condition.

13. On or about December 15, 2023, Plaintiff was lawfully present at the Premises and, at all relevant times, exercised reasonable care.

14. At all relevant times, Defendants, their agents, servants, and/or employees failed to use reasonable care, failed to keep and maintain the Premises in a reasonably safe condition, and allowed a dangerous and/or unsafe condition to exist on the Premises, namely, a defective walkway, which the Defendants failed to properly maintain, remediate, and/or repair.

15. At all relevant times, Defendants, their agents, servants, and/or employees knew or should have known that the defective walkway, which was in disrepair, was a dangerous and/or unsafe condition existing on the Premises.

16. At all relevant times, Defendants, their agents, servants, and/or employees failed to use reasonable care and failed to keep and maintain the Premises in a reasonably safe condition, by failing to warn Plaintiff of the existence of the dangerous and/or unsafe condition existing on the Premises.

17. The dangerous and/or unsafe condition caused Plaintiff to trip and fall.

18. As a result of the trip and fall, Plaintiff suffered severe and permanent injuries.

19. Defendants, their agents, servants, and/or employees' negligence in failing to exercise reasonable care, failing to properly maintain, clean, repair, renovate, remediate, and/or inspect the Premises, and failing to remediate and/or repair the dangerous and/or unsafe condition, and/or failing to warn Plaintiff of the dangerous and/or unsafe condition then existing at the Premises, which Defendant knew or should have known existed, was the direct, proximate, and but for cause of Plaintiff's trip and fall and resulting injuries.

## COUNT I - NEGLIGENCE

*Plaintiff v. Defendant Royal Crest Apartments Property Owner LLC*

20. Plaintiff repeats, realleges, and incorporates by reference each and every paragraph as if laid out separately herein.

21. Defendant Royal Crest owed Plaintiff a duty of care to exercise reasonable care for her safety as an individual reasonably expected to enter and walk within the Premises, including along the walkways within the Premises.

22. Defendant Royal Crest's duties included an obligation to exercise reasonable care, to refrain from allowing a dangerous and/or unsafe condition to exist on the Premises, and to protect Plaintiff against the risks of any dangerous and/or unsafe condition then existing at the Premises, which Defendant Royal Crest knew or should have known existed on the Premises.

23. Defendant Royal Crest, its agents, servants, and/or employees breached its duties of care to Plaintiff by failing to exercise reasonable care, failing to protect Plaintiff against the risks of the dangerous and/or unsafe condition by failing to remediate and/or repair the dangerous and/or unsafe condition existing within the Premises, which Defendant Royal Crest knew or should have known existed on the Premises, including, but not limited to, negligently allowing the defective walkway, which was in disrepair, to exist on the Premises, which caused Plaintiff to trip and fall.

24. Defendant Royal Crest, its agents, servants, and/or employees further breached their duties of care to Plaintiff by negligently allowing the dangerous and/or unsafe condition to exist without adequate precautions, warning signs, and/or security, as the dangerous and/or unsafe condition existed for a sufficient period of time such that Defendant Royal Crest knew or should have known of its existence and the hazard that it created at the time of Plaintiff's trip and fall.

25. The incident and resulting injuries to Plaintiff were caused by the negligence of Defendant Royal Crest, its agents, servants, and/or employees, without any negligence on the part of Plaintiff.

26. As a direct, proximate, and but for cause of Defendant Royal Crest's negligence, Plaintiff was seriously injured, to-wit, including, but not limited to: right hip, leg, knee, and ankle injuries; back injuries; emotional distress; and other serious and diverse injuries, some or all of which may be permanent in nature.

27. As a direct, proximate, and but for cause of Defendant Royal Crest's negligence, Plaintiff has undergone great physical pain, suffering, and mental anguish, and will continue to suffer for an indefinite time in the future, all to her great detriment and loss.

28. As a further direct, proximate, and but for cause of Defendant Royal Crest's negligence, Plaintiff was put to great expense for medicine, medical attention, and medical treatment, and was for a period of time unable to attend to Plaintiff's usual duties, all to her great detriment and loss.

29. As a further direct, proximate, and but for cause of Defendant Royal Crest's negligence, Plaintiff will for an indefinite time in the future be obliged to expend various and diverse sums of money in and about an effort to cure herself of the injuries she has suffered, all to her great detriment and loss.

30. As a further direct, proximate, and but for cause of Defendant Royal Crest's negligence, Plaintiff has suffered a great loss and depreciation in her earnings and

earning power, and will continue to suffer such loss and depreciation for an indefinite time in the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff demands judgment against Defendant Royal Crest Apartments Property Owner LLC, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, and all damages recognized under law and attorney's fees as may apply.

**COUNT I - NEGLIGENCE**

*Plaintiff v. Defendant JRK Property Holdings, Inc.*

31. Plaintiff repeats, realleges, and incorporates by reference each and every paragraph as if laid out separately herein.

32. Defendant JRK owed Plaintiff a duty of care to exercise reasonable care for her safety as an individual reasonably expected to enter and walk within the Premises, including along the walkways within the Premises.

33. Defendant JRK's duties included an obligation to exercise reasonable care, to refrain from allowing a dangerous and/or unsafe condition to exist on the Premises, and to protect Plaintiff against the risks of any dangerous and/or unsafe condition then existing at the Premises, which Defendant JRK knew or should have known existed on the Premises.

34. Defendant JRK, its agents, servants, and/or employees breached its duties of care to Plaintiff by failing to exercise reasonable care, failing to protect Plaintiff against the risks of the dangerous and/or unsafe condition by failing to remediate and/or repair the dangerous and/or unsafe condition existing within the Premises, which Defendant JRK knew or should have known existed on the Premises, including, but not limited to, negligently allowing the defective walkway, which was in disrepair, to exist on the Premises, which caused Plaintiff to trip and fall.

35. Defendant JRK, its agents, servants, and/or employees further breached their duties of care to Plaintiff by negligently allowing the dangerous and/or unsafe condition to exist without adequate precautions, warning signs, and/or security, as the dangerous and/or unsafe condition existed for a sufficient period of time such that Defendant JRK knew or should have known of its existence and the hazard that it created at the time of Plaintiff's trip and fall.

36. The incident and resulting injuries to Plaintiff were caused by the negligence of Defendant JRK, its agents, servants, and/or employees, without any negligence on the part of Plaintiff.

37. As a direct, proximate, and but for cause of Defendant JRK's negligence, Plaintiff was seriously injured, to-wit, including, but not limited to: right hip, leg, knee, and ankle injuries; back injuries; emotional distress; and other serious and diverse injuries, some or all of which may be permanent in nature.

38. As a direct, proximate, and but for cause of Defendant JRK's negligence, Plaintiff has undergone great physical pain, suffering, and mental anguish, and will continue to suffer for an indefinite time in the future, all to her great detriment and loss.

39. As a further direct, proximate, and but for cause of Defendant JRK's negligence, Plaintiff was put to great expense for medicine, medical attention, and medical treatment, and was for a period of time unable to attend to Plaintiff's usual duties, all to her great detriment and loss.

40. As a further direct, proximate, and but for cause of Defendant JRK's negligence, Plaintiff will for an indefinite time in the future be obliged to expend various and diverse sums of money in and about an effort to cure herself of the injuries she has suffered, all to her great detriment and loss.

41. As a further direct, proximate, and but for cause of Defendant JRK's negligence, Plaintiff has suffered a great loss and depreciation in her earnings and earning power, and will continue to suffer such loss and depreciation for an indefinite time in the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff demands judgment against Defendant JRK Property Holdings, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, and all damages recognized under law and attorney's fees as may apply.

## JURY CLAIM

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIABLE.**

Dated: June 18, 2026

Respectfully Submitted,

Plaintiffs,
By Their Attorneys,

/s/ Peter R. Chandler
Peter R. Chandler, BBO# 703139
Sheff & Cook, LLC
10 Tremont Street, 7th Floor
Boston, MA 02108
Tel: (617) 227-7000
pchandler@sheffandcook.com

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2673CV00533 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Rego-Cass, Ivone vs. Royal Crest Apartments Property Owner, LLC et al | | Jennifer A Sullivan<br>Bristol County |
| TO: File Copy<br>, | | COURT NAME & ADDRESS<br>Bristol County Superior Court - New Bedford<br>441 County Street, 1st floor<br>New Bedford, MA 02740 |

**TRACKING ORDER - F - Fast Track**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/16/2026 | |
| Response to the complaint filed (also see MRCP 12) | | 10/20/2026 | |
| All motions under MRCP 12, 19, and 20 | 10/20/2026 | 11/19/2026 | 12/21/2026 |
| All motions under MRCP 15 | 10/20/2026 | 11/19/2026 | 12/15/2026 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/20/2027 | | |
| All motions under MRCP 56 | 05/18/2027 | 06/17/2027 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/15/2027 |
| Case shall be resolved and judgment shall issue by | | | 06/21/2028 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| **06/22/2026** | **Aaron T Strojny** | **(508)996-2051** |

#3

**COMMONWEALTH OF MASSACHUSETTS**

BRISTOL COUNTY, SS. SUPERIOR COURT
CIVIL ACTION NO.: 2673CV00533B

IVONE REGO-CASS,
Plaintiff,

v.

ROYAL CREST APARTMENTS PROPERTY OWNER LLC, and JRK PROPERTY HOLDINGS, INC.,
Defendants.

BRISTOL SUPERIOR COURT
FILED
JUN 18 2026
JENNIFER A. SULLIVAN, ESQ
CLERK/MAGISTRATE

**PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER**

In accordance with the provision of Mass. R. Civ. P. 4C, the undersigned hereby moves this Honorable Court to appoint a representative of Allstate Process Servers to act as a special process server in the above-captioned action. The undersigned swears that to the best of his knowledge and belief, the person to be appointed process server is a Constable or other uninterested person who is experienced in the service of process, is 18 years of age or older and is not a party to this action.

As grounds for the motion, the moving party submits that retaining a process server who performs service of process on a regular basis, rather than dispatching the papers for service via the sheriff's department, will allow for judicial economy and more controlled oversight by Plaintiffs' counsel.

For all of the reasons set forth herein, Plaintiff submits there is good cause and ask this Honorable Court to ALLOW the instant motion.

Respectfully submitted,

Plaintiff,
By their Attorneys,

/s/ *Peter R. Chandler*
Peter R. Chandler, BBO# 703139
Sheff & Cook, LLC
10 Tremont Street, 7th Floor
Boston, MA 02108
Tel: (617) 227-7000
pchandler@sheffandcook.com

Dated : June 18, 2026

#3

**COMMONWEALTH OF MASSACHUSETTS**

BRISTOL COUNTY, SS.

SUPERIOR COURT
CIVIL ACTION NO.: 2673CV00533B

| | |
|---|---|
| IVONE REGO-CASS, Plaintiff, | ) |
| v. | ) |
| ROYAL CREST APARTMENTS PROPERTY OWNER LLC, and JRK PROPERTY HOLDINGS, INC., Defendants. | ) |

BRISTOL SUPERIOR COURT
FILED
JUN 18 2026
JENNIFER A. SULLIVAN, ESQ
CLERK/MAGISTRATE

**PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER**

In accordance with the provision of Mass. R. Civ. P. 4C, the undersigned hereby moves this Honorable Court to appoint a representative of Allstate Process Servers to act as a special process server in the above-captioned action. The undersigned swears that to the best of his knowledge and belief, the person to be appointed process server is a Constable or other uninterested person who is experienced in the service of process, is 18 years of age or older and is not a party to this action.

As grounds for the motion, the moving party submits that retaining a process server who performs service of process on a regular basis, rather than dispatching the papers for service via the sheriff's department, will allow for judicial economy and more controlled oversight by Plaintiffs' counsel.

For all of the reasons set forth herein, Plaintiff submits there is good cause and ask this Honorable Court to ALLOW the instant motion.

6/23/26 No action taken. MA Civ. P. R. 4 requires naming a specific person.

Aaron T. Strojny, Esq.
Asst. Clerk Magistrate

Respectfully submitted,

Plaintiff,
By their Attorneys,

/s/ Peter R. Chandler

Peter R. Chandler, BBO# 703139
Sheff & Cook, LLC
10 Tremont Street, 7th Floor
Boston, MA 02108
Tel: (617) 227-7000
pchandler@sheffandcook.com

Dated : June 18, 2026

#4

**COMMONWEALTH OF MASSACHUSETTS**

BRISTOL COUNTY, SS. SUPERIOR COURT
CIVIL ACTION NO.: 2673CV00533

IVONE REGO-CASS, )
Plaintiff, )
)
v. )
)
ROYAL CREST APARTMENTS )
PROPERTY OWNER LLC, and )
JRK PROPERTY HOLDINGS, INC., )
Defendants. )

BRISTOL SUPERIOR COURT
FILED
JUN 24 2026
JENNIFER A. SULLIVAN, ESQ
CLERK/MAGISTRATE

**PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER**

In accordance with the provision of Mass. R. Civ. P. 4C, the undersigned hereby moves this Honorable Court to appoint David Ayles or another representative of Allstate Process Servers to act as a special process server in the above-captioned action. The undersigned swears that to the best of his knowledge and belief, the person to be appointed process server is a Constable or other uninterested person who is experienced in the service of process, is 18 years of age or older and is not a party to this action.

As grounds for the motion, the moving party submits that retaining a process server who performs service of process on a regular basis, rather than dispatching the papers for service via the sheriff's department, will allow for judicial economy and more controlled oversight by Plaintiffs' counsel.

For all of the reasons set forth herein, Plaintiff submits there is good cause and ask this Honorable Court to ALLOW the instant motion.

Respectfully submitted,

Plaintiff,
By their Attorneys,

/s/ Peter R. Chandler
Peter R. Chandler, BBO# 703139
Sheff & Cook, LLC
10 Tremont Street, 7th Floor
Boston, MA 02108
Tel: (617) 227-7000
pchandler@sheffandcook.com

Dated : June 24, 2026

#4

**COMMONWEALTH OF MASSACHUSETTS**

BRISTOL COUNTY, SS.

SUPERIOR COURT
CIVIL ACTION NO.: 2673CV00533

IVONE REGO-CASS,
Plaintiff,

v.

ROYAL CREST APARTMENTS PROPERTY OWNER LLC, and JRK PROPERTY HOLDINGS, INC.,
Defendants.

BRISTOL SUPERIOR COURT
FILED
JUN 24 2026
JENNIFER A. SULLIVAN, ESQ
CLERK/MAGISTRATE

**PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER**

In accordance with the provision of Mass. R. Civ. P. 4C, the undersigned hereby moves this Honorable Court to appoint David Ayles or another representative of Allstate Process Servers to act as a special process server in the above-captioned action. The undersigned swears that to the best of his knowledge and belief, the person to be appointed process server is a Constable or other uninterested person who is experienced in the service of process, is 18 years of age or older and is not a party to this action.

As grounds for the motion, the moving party submits that retaining a process server who performs service of process on a regular basis, rather than dispatching the papers for service via the sheriff's department, will allow for judicial economy and more controlled oversight by Plaintiffs' counsel.

For all of the reasons set forth herein, Plaintiff submits there is good cause and ask this Honorable Court to ALLOW the instant motion.

6/30/26 allowed. [signature] ACM